## PATRICK ROPER *v.* J. H. ROWLETT.

WARRANTY OF TITLE. *Vendor. Vendee. Judgment.* In action by a vendee of personal property against his vendor upon the implied warranty of title, a judgment for a recovery of the property in a suit brought by a third party against the vendee, of which the vendor had no notice, is not *prima facie* evidence of the vendor's want of title, so as to throw the onus upon him of proving his title.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

HERBERT RHETT for Roper.

JOHNSON & FORD for Rowlett.

McFARLAND, J., delivered the opinion of the court.

Rowlett brought this action against Roper to re-
cover the value of four bales of cotton, the title to
which he alleges was at the time not in Roper but
·in one Wilson.  The only direct evidence on the
question of the title to the cotton introduced by the
plaintiff, was the record of an action of replevin brought
against him by Wilson, in which there was judgment
in Wilson's favor for a recovery of the cotton.  Roper
had no notice of the bringing of this suit or oppor-
tunity to defend.  The circuit judge held that the
judgment was *prima facie* evidence in the plaintiff's
favor, and threw upon the defendant the onus of
proving that a good title passed by the sale to the
plaintiff.

We do not find this holding sustained by the au-
thorities.  The case of *Stephens* v. *Jack*, 3 Yer., 403,
holds the contrary, where, in a similar action, a sim-
ilar record was offered and rejected, upon the ground
that no one ought to be bound by a judgment or
verdict to which he was not a party, where he could
make no defense, from which he could not appeal,
and which may have resulted from the negligence of
another or may have been obtained by fraud and col-
lusion.  And so the rule is laid down in Freeman
on Judgments, sec. 186.  Where notice has been given
to the vendor, the rule is different.  We do not find

any case in this State maintaining a different rule from the one laid down in *Stephens* v. *Jack.*

There was also a strong controversy as to whether the plaintiff in fact purchased the cotton from Roper or from one Halsey, who claimed to own it, or whether Roper was so connected with the sale as to be held a warranter of the title. As the judgment must be reversed and a new trial granted upon the first ground, we express no opinion upon this latter question, as the proof may be different on another trial.

The cause was tried by the judge without a jury, and in such cases we sometimes, in reversing, render a final judgment in this court, but in the present case we deem it proper to remand for a new trial.

The judgment will be reversed and a new trial awarded.